UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MANUEL PEREZ,

                     Plaintiff,

     -against-

ANDREW CUOMO, KERRI HOOVERT,
KRISTOPHER CAMACHO, KENNETH
PACCIO, RICHARD A. BROWN,
MARYAM M. LIPKANSKY,
JOSEPH GROSSO, and SEYMOUR ROTKER,

                     Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-1109 (SLT)

TOWNES, United States District Judge:

      In late December 2008, plaintiff Manuel Perez, a New York State inmate, commenced this *pro se* civil rights action in the United States District Court for the Southern District of New York, alleging that police officers, prosecutors, and judges violated his constitutional rights in connection with his arrest and prosecution. After the action was transferred to this district, *Perez v. Cuomo*, No. 09 Civ. 1625, slip op. (S.D.N.Y. Feb. 23, 2009), this Court issued a Memorandum and Order to Show Cause dated April 17, 2009, dismissing plaintiff's claims against defendants Andrew Cuomo, Richard A. Brown, Joseph Grosso, and Seymour Rotker; dismissing plaintiff's § 1983 claims for malicious prosecution and violation of his due process right to a fair trial; and directing plaintiff to show cause by May 22, 2009, why his false arrest and excessive force claims should not be dismissed as time-barred. *Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137 (E.D.N.Y. Apr. 17, 2009). Because plaintiff's complaint named the New York State Attorney General as a defendant and appeared to challenge the constitutionality of plaintiff's continued confinement, this Court also stated:

> In addition to, or instead of, showing cause why his § 1983 claims
> ... are not time-barred, plaintiff may request, on or before May 22,
> 2009, that this Court construe this action as a petition for a writ of
> habeas corpus pursuant to 28 U.S.C. § 2254.

*Id.*, at *8.

In response to this Order, plaintiff has sent this Court a properly executed petition for a writ of habeas corpus, bearing this case's docket number but styled *Perez v. Ercole*. In a letter dated April 27, 2009, accompanying that petition, plaintiff expressly requests that this Court "construe this 42 U.S.C. § 1983 action as a petition for a writ of Habeas Corpus pursuant to 28 U.S.C. [§] 2254." Letter to Hon. Sandra L. Townes from Manuel Perez, dated Apr. 27, 2009 (the "Letter"), at 1. The Letter, which is drafted by a fellow inmate but signed by plaintiff, implies that plaintiff meant to file a § 2254 petition, but errantly filed § 1983 action because he was misadvised by "a person who is not familiar with § 1983 and § 2254 actions, and was not assigned as a law clerk at the facility law library." *Id.* It alludes to plaintiff's mental condition, stating that he "lives in the facility special psychiatric unit . . . and has been taking psycho tropic [*sic*] medication for the past fourteen years," *id.*, but makes no mention of equitable tolling. Instead, the Letter requests permission to bring another § 1983 action in the future if plaintiff succeeds in challenging his conviction. *Id.*, at 2.

Since the petition accompanying the Letter appear to be timely filed, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been filed under a new docket number: 09-CV-1985 (SLT)(MDG). In light of plaintiff's request for permission to renew this action if he is successful upon his petition for a writ of habeas corpus, this Court will construe plaintiff's Letter as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of

Civil Procedure. Plaintiff's § 1983 action will, accordingly, be dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

## *CONCLUSION*

Since this Court construes plaintiff's letter dated April 27, 2009, to be a notice of voluntary dismissal, this action is dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(B). If plaintiff does not wish to have his letter construed in this manner and still wishes to continue this § 1983 action, he may move for reconsideration within 10 days of the entry of this order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: May 13, 2009
Brooklyn, New York

3